UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JUAN DIAZ, JR., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 12-12154-DPW |
| | ) | |
| LUIS S. SPENCER, ET AL., | ) | |
| Defendants. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |
| | ) | |
| JUAN DIAZ, JR., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | (Unassigned) |
| | ) | |
| LUIS S. SPENCER, ET AL., | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER
April 22, 2013

WOODLOCK, D.J.

I.   INTRODUCTION

On November 16, 2012, plaintiff Juan Diaz, Jr. ("Mr. Diaz"), formerly a Massachusetts state prisoner serving a life sentence, filed, in one package, two separate civil complaints and numerous exhibits in support of each complaint.  Mr. Diaz is currently confined in federal custody at U.S.P. Allenwood in White Deer, Pennsylvania pursuant to a compact agreement with the Commonwealth of Massachusetts.

The first complaint named 18 defendants, including Massachusetts prison officials and employees, as well as various medical defendants, including hospitals and individual medical

personnel.[1]  The second complaint is entitled "Attached

Complaint," and names 11 of the defendants who are named in the

first complaint.[2]  The Civil Cover Sheet attached to the

complaint package combines both complaints, listing his claims as

"medical indifference and malpractice/inadequate law library/due

process of law."  Civil Cover Sheet (Docket No. 1-5 at 1).

Along with these two complaints, Mr. Diaz filed one Motion

for Leave to Proceed *in forma pauperis* (Docket No. 2); one Motion

to Appoint Counsel (Docket No. 3), one Declaration pertaining to

his medical care claims (Docket No. 4); one Declaration

pertaining to his right of access to the courts claim (Docket No.

---

[1]The defendants include: (1) Luis S. Spencer, Commissioner of the
Department of Correction; (2) Peter A. Pepe, Jr., Deputy
Commissioner; (3) Harold W. Clarke, former Commissioner; (4)
James Bender, Deputy Commissioner; (5) Peter St. Amand,
Superintendent of MCI Cedar Junction; (6) Carol A. Mici, Acting
Deputy; (7) Katherine A. Chmiel, Deputy Commissioner; (8) Paul L.
DiPaolo, Deputy Commissioner; (9) Ronald T. Duval, Deputy
Commissioner; (10) Massachusetts Department of Correction
("DOC"); (11) Tufts Medical Center ("TMC"); (12) Lemuel Shattuck
Hospital; (13) UMass Correctional Health; (14) Leonid Kotkin,
surgeon at Lemuel Shattuck Hospital; (15) Neil Halin, surgeon at
TMC;(16) Terre K. Marshall, DOC Health Services Director; (17)
Arthur Brewer, Medical Director; and (18) Veronica M. Madden.

[2]These defendants include: (1) Luis S. Spencer, Commissioner of
the DOC; (2) Peter A. Pepe, Jr., Deputy Commissioner; (3) Harold
W. Clarke, former Commissioner; (4) James Bender, Deputy
Commissioner; (5) Peter St. Amand, Superintendent of MCI Cedar
Junction; (6) Carol A. Mici, Acting Deputy; (7) Katherine A.
Chmiel, Deputy Commissioner; (8) Paul L. DiPaolo, Deputy
Commissioner; (9) Ronald T. Duval, Deputy Commissioner; (10) the
DOC; and (11) Veronica M. Madden.

5); and one uncertified prisoner trust fund statement (Docket No. 8).

On December 3, 2012, plaintiff filed a Letter/Exhibit N (Docket No. 9) asking to include this exhibit as part of his complaint.  The exhibit includes a letter from Assistant Deputy Commissioner Carol A. Mici, dated October 16, 2012 responding to plaintiff's complaint regarding his medical issues.

On January 25, 2013, plaintiff filed a Letter (Docket No. 10) advising of three other complaints filed in the Middle District of Pennsylvania, as well as a federal habeas petition.

A.   The First Complaint: Medical Care Claims

In the first complaint, Mr. Diaz brings his claims pursuant to 42 U.S.C. § 1983.  He alleges that on January 21, 2009, the DOC transported him, pursuant to an interstate agreement compact, to U.S.P. Hazelton in West Virginia.  Since arriving there, he complained of pain resulting from two surgical procedures performed while he was in DOC custody; one procedure was at the Lemuel Shattuck Hospital and the surgery was performed by Dr. Leonid Kotkin on May 26, 2006.[3]  The other procedure was at TMC, and the surgery was performed by Dr. Neil Halin on September 17,

---

[3]Exhibits attached to the complaint indicate that Mr. Diaz had severe pain in the left part of his scrotum, and was diagnosed with varicocele.  He continued to suffer pain after the surgery and on July 31, 2008, he was diagnosed with a left inguinal hernia.

2007.

Mr. Diaz contends that both surgeries were not successful and he continued to suffer pain.  He alleges the DOC Health Services and its directors failed to act properly, delaying surgery, despite the medical records showing the failed surgeries.  Mr. Diaz was preparing to file a civil complaint with the help of Massachusetts Correctional Legal Services ("MCLS"), but then was transferred by the DOC out of state.  Because MCLS only assists inmates housed in Massachusetts, Mr. Diaz no longer had legal assistance.

Since his arrival at U.S.P. Hazelton, Mr. Diaz continued to complain of pain.  On February 28, 2012, a successful surgical procedure was performed which alleviated his pain.  He now claims that the defendants (unspecified) were deliberately indifferent to his medical needs and the failure to attend to his medical needs constituted cruel and unusual punishment.  Additionally, he contends there was concurrent negligence and malpractice by defendants (unspecified).[4]  He seeks monetary damages against defendants Dr. Kotkin and Dr. Halin for their actions and for failure to train and supervise.  He also seeks monetary damages against Lemuel Shattuck Hospital and TMC for the malpractice of their employees and the failure to train and supervise their

---

[4]Mr. Diaz also contends that the statute of limitations does not bar his claims due to the continuous treatment doctrine. Further, he claims he has exhausted all administrative remedies.

staff.  With respect to the DOC defendants, he alleges that
Spencer, Clarke, Bender, Duval, DiPaolo, Madden, Mici, St. Amand,
and Pepe were jointly responsible for sending him out of state,
knowing about his serious medical needs, thereby preventing him
from obtaining proper medical care.  He also claims liability for
the failure to train and supervise.  He claims defendant Marshall
was liable for failing to take actions with respect to his
medical needs, asserting both deliberate indifference and
negligence, as well as the failure to train and supervise.  He
asserts negligence and failure to train and supervise by Dr.
Brewer, and the failure of UMass Correctional Health and the DOC
to train and supervise their employees, as well as deliberate
indifference to his serious medical needs.  Finally, he seeks an
injunction ordering the DOC to act promptly on a prisoner's
serious medical needs before any inmate is transferred out of
state.

>     B.    The Second Complaint: Denial of Due Process/Access to
>           the Courts Due to Lack of Legal Materials

In the second complaint, Mr. Diaz asserts unrelated claims
against the DOC defendants.  He reiterates the background
concerning his transfer out of state, and refers to his claims
against the DOC based on medical care; however, underlying this
action is the claim that the Federal Bureau of Prisons ("BOP")
does not provide state case law to any state prisoners, and

therefore he does not have access to Massachusetts law.  He claims this is necessary to challenge his state conviction by seeking a new trial under Mass. R. Civ. P. 30(B).

The BOP has taken the position that it is up to the state to provide access to state legal materials.  Mr. Diaz has tried to seek the legal materials through a mail processing service that Massachusetts provides, but it is not working, as he is unable to get updated reporters, citations, administrative codes, and relevant state statutes.[5]  He contends, *inter alia*, that the DOC defendants are liable for the failure to train, supervise, or control their employees with respect to transfers pursuant to the compact and fulfillment of the mail processing service they provide with respect to legal materials.

He seeks monetary damages against the defendants jointly, for failure to protect his constitutional rights.  He also seeks an injunction to stop conduct that violates the rights of

---

[5]Mr. Diaz has filed a habeas petition in the United States District Court for the Middle District of Pennsylvania for the refusal of the BOP to provide him the right to access Massachusetts law.  He sought an avenue for a state prisoner in federal custody to challenge the lawfulness of his detention, or an order directing the BOP to provide such legal materials, or an order directing his return to Massachusetts or transfer to a state facility that would allow him access to Massachusetts legal materials.  *See Diaz v. Federal Bureau of Prisons, et al.*, Civil Action No: 1:12-cv-01810-JEJ-SF.  The respondent has filed a response seeking dismissal of the petition on the ground that habeas relief is not the proper avenue to pursue his access to the courts claim.

prisoners subject to the interstate compact.

II.  DISCUSSION

    A.    <u>The Motion for Leave to Proceed *In Forma Pauperis*; Two
       Separate Filing Fees Required For Two Complaints</u>

Upon review of Mr. Diaz's financial disclosures in his
affidavit and his prison account statement, I find that he lacks
sufficient funds to pay the civil action filing fees.
Nevertheless, there is a fundamental problem here because Mr.
Diaz has, in fact, filed <u>two separate civil complaints</u>, and
therefore must pay two separate filing fees ($350.00 for each
action), pursuant to the Prison Litigation Reform Act.  *See* 28
U.S.C. § 1915(b).

I do not find that, at this time, the unrelated claims
should be joined or consolidated into one case for purposes of
determining Mr. Diaz's filing fee obligations.  *See Wheeler v.
Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. Jul.
23, 2012);[6] *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir.

---

[6]In this connection, *Wheeler* succinctly stated:

    A litigant cannot throw all of his grievances, against
    dozens of different parties, into one stewpot.  Joinder
    that requires the inclusion of extra parties is limited
    to claims arising from the same transaction or series
    of related transactions.  *See* Fed. R. Civ. P. 18, 20;
    *George v. Smith*, 507 F.3d 605 (7th Cir.2007). (To be
    precise: a plaintiff may put in one complaint every
    claim of any kind against a single defendant, per Rule
    18(a), but a complaint may present claim # 1 against

2011)(stating: "We emphasized in *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007), that unrelated claims against different defendants belong in separate lawsuits, not only 'to prevent the sort of morass' produced by multi-claim, multi-defendants suits like this one, but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915(b),(g)"); *Gillon v. Federal Bureau of Prisons*, 424 Fed. Appx. 722, 725 (10th Cir. 2011)(discussing that Fed. R. Civ. P. 20(a)(2) allows defendants to be joined in an action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrence...."); *Chase v. Chafee*, 2011 WL 6826504, *4 (D.R.I. 2011)("The Rules simply do not allow 'the joinder of unrelated claims against different defendants.'" *Spencer v. Bender*, 2010 WL 1740957 [, *2 (D. Mass. 2010)]") (brackets added).[7]

---

Defendant A, and claim # 2 against Defendant B, only if both claims arise "out of the same transaction, occurrence, or series of transactions or occurrences." Rule 20(a)(1)(A).)

*Wheeler*, 689 F.3d at 683.

[7]In *Spencer*, Judge Stearns stated:

"'A party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party.' Fed.R.Civ.P. 18(a). However, '[d]espite the broad language of Rule 18(a),

Although Mr. Diaz's claims against the DOC defendants in both cases are based in part, on his transfer out of state into federal custody pursuant to the interstate compact agreement, the overlap of this fact does not mean that his claims stemming from alleged inadequate medical care (*i.e.*, negligence, deliberate indifference, and medical malpractice (from 2006 to 2012)) and his claims for legal materials (*i.e.*, access to the courts claims since his transfer in 2009), involve the same transactions or occurrences.

Although the Clerk's Office assigned one docket number for these two cases, I will direct that the second complaint (access

---

plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.' 7 *Charles Alan Wright et al.*, Federal Practice and Procedure § 1655 (3d ed. 2009). As the Seventh Circuit has explained, Rule 18(a) permits multiple claims against a single party, but it does not permit the joinder of unrelated claims against different defendants. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)....Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this [multi-claim, multi-defendant] suit produced but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."

*Spencer*, 2010 WL 1740957 at *2.

to the courts claim) be assigned a new docket number, and opened
on this Court's electronic docketing system as a new civil case,
and assigned to me.[8]  A copy of this Memorandum and Order shall
be docketed in the newly-assigned case.

Additionally, because it is unclear whether Mr. Diaz
intended to obligate himself to pay the filing fees in two
lawsuits, I will not assess any fees at this time.  Should Mr.
Diaz wish to pursue these two civil actions, he will be assessed
two separate filing fees (*i.e.* $700.00 total) in order to proceed
(albeit payment would be collected (consecutively) in
installments from his prison account pursuant to 28 U.S.C.
§ 1915(b) until the filing fees have been paid in full).  Mr.
Diaz may seek *in forma pauperis* status in each case but he must
file a separate application in each case, along with his
certified prison account statement, within 21 days of the date of
this Memorandum and Order.  The certified prison account
statement should reflect the average monthly balance in
plaintiff's account for the six-month period preceding the filing
of the complaint, as well as the average monthly deposits for

---

[8]The question whether consolidation of the two cases for case
management purposes is warranted is a matter reserved for a later
time.

10

that same period.[9]   To facilitate any request by the plaintiff

for a certified prison account statement, a copy of this

Memorandum and Order shall be sent to the Treasurer's Office at

U.S.P. Allenwood with the request that it provide the average

monthly balance/deposit information.   The Clerk shall send

plaintiff the standard application forms.

In the event Mr. Diaz elects to proceed with only one case,

he must file a Motion for Leave to Proceed *in forma pauperis*

along with his certified prison account statement in that case

within 21 days of the date of this Memorandum and Order, and he

also shall advise the Court that he does not wish to pursue the

other civil action.

Failure to comply with these directives may result in a

dismissal of these civil actions.

In light of the above, plaintiff's Motion for Leave to

Proceed *in forma pauperis* (Docket No. 2) will be <u>DENIED</u> without

prejudice.

B.   <u>These Actions are Subject to Preliminary Screening</u>

Notwithstanding that plaintiff is not proceeding *in forma*

*pauperis* at this time (and thus a preliminary screening under 28

U.S.C. § 1915(e) is not authorized), I still have statutory

---

[9]This information was not contained in the prison account
statement submitted by plaintiff (Docket No. 8).

authority to preliminary screen his complaints pursuant to 28 U.S.C. § 1915A.  Section 1915A authorizes review of prisoner complaints in civil actions in which a prisoner seeks redress from a governmental entity, or officers or employees of a governmental entity, and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if the complaint lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A.

In connection with this preliminary screenings, the two *pro se* complaints are construed generously.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000).  Even under a broad reading, however, the complaints are subject to dismissal in whole or part, for the reasons set forth below.

C.   Failure to Comply With Fed. R. Civ. P. 8

As pled, plaintiff fails, in both cases, to set forth any plausible claims upon which relief may be granted in accordance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

Civ. P. 8(a)(2).  This statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(alteration in original)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005).  It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'"  *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004)(quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)).  *See also Redondo-Borges v. U.S. Dept. of Housing and Urban Dev.*, 421 F.3d 1, 5 (1st Cir. 2005).  "In a civil rights action as in any other action ...., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why."  *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004).

As a general proposition, plaintiff's first complaint is muddled in the use of legal terms, equating negligence with deliberate indifference, but failing to denote the necessary state of mind for deliberate indifference.[10]  Specifically, with

---

[10]The United States Court of Appeals for the First Circuit has stated that "[d]eliberate indifference is conduct that offends evolving standards of decency in a civilized society." *DesRosiers v. Moran*, 949 F.2d 15, 18 (1st  Cir. 1991).  It is more than mere negligence; it requires that [the defendant] have a "culpable state of mind and intended to wantonly inflict pain."

respect to the medical defendants, the medical malpractice claims against Drs. Kotkin and Halin are somewhat discernable, although it is unclear what each doctor did that was allegedly negligent. The same lack of underlying factual information is true with respect to claims against Dr. Brewer.  Moreover, there are no underlying facts from which any claims for deliberate indifference or the failure to train or supervise reasonably could be discerned as to these defendants.

Next, although plaintiff asserts the *respondeat superior* liability of Lemuel Shattuck Hospital, TMC, and UMass Correctional Health Services, these defendants cannot be held liable under a *respondeat superior* theory of liability for civil rights claims under 42 U.S.C. § 1983.  "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable'" under § 1983.  *Velez-Rivera v. Agosto-Alicea*, 437 F.3d 145, 156 (1st Cir. 2006)(quoting *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005)).  In civil rights actions, "supervisors are not automatically liable for the misconduct of those under their command.  A plaintiff must show an affirmative link between the subordinate [employee] and the supervisor, whether through direct participation or through conduct that amounts to condonation or

---

*Id.*

14

tacit authorization." *Id.* at 156 (quoting *Carmona v. Toledo*, 215 F.3d 124, 132 (1st Cir. 2000)). *See Pinto v. Nettleship*, 737 F.2d 130, 132 (1st Cir. 1984)(liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights). *See also Pineda v. Toomey*, 533 F.3d 50, 54 (1st Cir. 2008)(discussing test for liability of supervisory officials).

While it is possible to assert state claims based on a *respondeat superior* liability (as it appears that jurisdiction exists under 28 U.S.C. § 1332), plaintiff has not asserted his claims as such, nor has he provided the underlying facts necessary to set forth state-law claims, insofar as his claims against the medical employees are unclear.

With respect to the DOC defendants, plaintiff's claims are not entirely intelligible, as he fails to set forth the underlying facts to support his claims for negligence, deliberate indifference, and failure to train and supervise.  In addition to intermingling the claims and his failure to denote facts from which the requisite state of mind as to each of the DOC defendants reasonably could be inferred, he lumps all these defendants together, and fails to set forth the "who, what, where, when, and why" information necessary to state plausible claims upon which relief may be granted as to each defendant

15

separately.  He simply alleges they are jointly liable.

By pleading in the manner he has -- collectively asserting his claims against the defendants -- plaintiff has failed to meet the Rule 8 requirements.  *See Bagheri v. Galligan*, 160 Fed. Appx. 4, 5 (1st Cir. 2005)(unpublished decision, finding complaint deficient because, *inter alia*, it failed to state clearly which defendant or defendants committed each of the alleged wrongful acts; "[the district court's requirement of an amended complaint] to remedy this deficiency did not demand more than the minimum necessary to satisfy notice pleading standards.").  *See also Atuahene v. City of Hartford*, 10 Fed. Appx. 33, *34 (2nd Cir. 2001)(unpublished decision, stating "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy this minimum standard....."); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)("It is certainly reasonable to ask that all plaintiffs, even *pro se* plaintiffs,.... alert party defendants that they may be individually responsible in damages.").

In short, as pled, it would be unfair to require any of the DOC defendants to respond to the first complaint.  Accordingly, plaintiff's claims in the first complaint are subject to dismissal.

Similarly, plaintiff's second complaint suffers from the same pleading deficiencies in that he lumps all the DOC defendants together, and fails to set forth any factual basis for liability of each defendant separately.  Thus, this action is also subject to dismissal for Rule 8 deficiencies.

     D.   <u>Request for Injunctive Relief for Other Prisoners</u>

In both cases, plaintiff seeks injunctive relief.  That is, he seeks an order directing the DOC to act promptly on a prisoner's serious medical needs before transferring any inmate, and an order to stop conduct that violates the rights of prisoners subject to the interstate compact.  Apart from the sweeping nature of the request, plaintiff may not assert claims for relief on behalf of other inmates.  Unless he is a duly licensed attorney authorized to appear in this Court, he may not represent the interest of others, including other prisoners. Section 1654 of Title 28 of the United States Code, does not allow unlicenced lay-people to represent other individuals.  *See Feliciano v. DuBois*, 846 F. Supp. 1033, 1039 (D. Mass. 1994); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2nd Cir. 1991); 28 U.S.C. § 1654.  Moreover, the Local Rules of this Court prohibit such representation.  *See* Local Rule 83.5.3(c). ("A person who is not a member of the bar of this court, and to whom sections (a) and (b) are not applicable, will be allowed to

appear and practice before the court only on his own behalf.").

    As an additional matter, a *pro se* litigant cannot be a class representative within the meaning of Rule 23(a)(4) of the Federal Rules of Civil Procedure because he cannot "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4); *see also Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).  Here, I decline to appoint *pro bono* counsel to represent a class of prisoners, and decline to construe this case as a class action.  Accordingly, plaintiff's claims for injunctive relief on behalf of other prisoners (contained in the complaints) will be <u>DENIED</u>.

    E.   <u>The Motion To Appoint Counsel</u>

    Mr. Diaz has requested that counsel be appointed in his first civil action, on the grounds that he is a prisoner, has limited library access or knowledge of the law, and because this case will likely involve conflicting testimony such that counsel would be better equipped to present evidence and cross examine witnesses.  He has attempted to obtain a lawyer, to no avail.

    Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  However, a civil plaintiff lacks a constitutional right to free counsel.  *DesRosiers*, 949 F.2d at 23.  In order to qualify for appointment of counsel, a party must

be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *Id.* To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. *Id.* at 24.

Here, for the reasons noted above, plaintiff fails to state claims upon which relief may be granted; thus, the merits of his claims militate against appointment of *pro bono* counsel at this time. The facts that he is a prisoner, has limited legal knowledge and limited library access do not present any unique or exceptional circumstances. Indeed, this is the case in a substantial number of prisoner cases.

On this record, and without a response from the defendants, I cannot find that the expenditure of the scarce *pro bono* resources of the Court is justified.

Accordingly, plaintiff's Motion to Appoint Counsel (Docket No. 3) will be <u>DENIED</u>.

F. <u>Order to Show Cause and Amend Complaints</u>

In light of the above, in addition to satisfying this court's filing fee obligations as directed above, plaintiff is

directed to demonstrate good cause, within 42 days of the date of

this Memorandum and Order, why these two actions should not be

dismissed for the reasons stated herein.

In addition to the show cause responses, plaintiff shall

file amended complaints curing the Rule 8 pleading deficiencies

noted above.  No summonses shall issue pending compliance with

the directives contained herein, and failure to comply with the

directives will result in a dismissal of these actions.

III. CONCLUSION

Based on the above, it is hereby Ordered that:

1.   Plaintiff's Motion for Leave to Proceed *in forma pauperis*
     (Docket No. 2) is <u>DENIED</u> without prejudice;

2.   The Court finds that two civil actions have been filed, and
     directs the Clerk to assign a new civil action number to the
     second civil action (alleging denial of the right to access
     the courts);

3.   Within 21 days of the date of this Memorandum and Order,
     plaintiff shall file separate Motions for Leave to Proceed
     *in forma pauperis* in each case he wishes to pursue, along
     with his certified prison account statement;

4.   Plaintiff may not represent the interests of others *pro se*;
     and his request for injunctive relief for other prisoners
     (contained within the complaints) is <u>DENIED</u>;

5.   Plaintiff's Motion to Appoint Counsel (Docket No. 3) is
     <u>DENIED</u>;

6.   Within 42 days of the date of this Memorandum and Order,
     plaintiff shall demonstrate good cause in writing why these
     two actions should not be dismissed for the reasons stated
     herein; and

7.   Within 42 days of the date of this Memorandum and Order,

Plaintiff shall file amended complaints that comport with
Rule 8, setting forth plausible claims upon which relief may
be granted as to each defendant.


SO ORDERED.

                                   /s/ Douglas P. Woodlock
                                   DOUGLAS P. WOODLOCK
                                   UNITED STATES DISTRICT JUDGE