```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

JUAN DIAZ, JR.,                 )
          Plaintiff,            )
                                )
     v.                         )    CIVIL ACTION NO.
                                )    12-12154-DPW
                                )
LUIS S. SPENCER, ET AL.,        )
          Defendants.           )
```

MEMORANDUM AND ORDER
September 26, 2013

WOODLOCK, D.J.

I.  INTRODUCTION

Prisoner plaintiff Juan Diaz, Jr. ("Diaz") sued 18 defendants, including Massachusetts prison officials and employees, as well as various medical defendants, hospitals and individual medical personnel. Diaz alleged deliberate indifference to his serious medical needs, in violation of 42 U.S.C. § 1983.

On April 22, 2013, I issued a Memorandum and Order (Docket No. 11) providing Diaz an opportunity to demonstrate good cause why this action should not be dismissed, and directing him to file an Amended Complaint.

On May 23, 2013, Diaz filed an Amended Complaint (Docket No. 15) withdrawing certain claims. Upon review of the Amended Complaint, I issued a further Memorandum and Order (Docket No. 16) dismissing claims against certain defendants and permitting other claims to proceed. In particular, I dismissed Diaz's

§ 1983 claims against Dr. Leonid Kotkin, surgeon at Lemuel Shattuck Hospital, and Dr. Neil Halin, surgeon at Tufts Medical Center.

On September 23, 2013, Diaz filed a Motion for Reconsideration (Docket No. 19) of the dismissal of the two medical doctors from this action.

II. DISCUSSION

In my Memorandum and Order (Docket No. 19), I found that Diaz's claims in the Amended Complaint could not proceed against Dr. Kotkin and Dr. Halin because Diaz intermingled his claims for negligence and deliberate indifference and failed to set forth any underlying facts to state plausible deliberate indifference claims.  Rather, I found that Diaz's allegations against the two surgeons were claims based on medical malpractice and not claims for Eighth Amendment violations.  Further, I found that Diaz's claims were time-barred, where Diaz's surgeries took place in 2006 and 2007, and where the Complaint had alleged that in January, 2009, he was constantly complaining about the pain he suffered after the two "failed" surgeries.  Indeed, I noted that this action was not filed until November 16, 2012, more than five (5) years after Diaz's second surgery.

In his Motion for Reconsideration, Diaz seeks to vacate the dismissal of the two doctors from this action.  First, he alleges

that the doctors were engaged in ongoing discrimination against him and thus the doctrine of continuing violations undermines the application of the limitations period for § 1983 claims. Throughout the motion, Diaz again intermingles concepts of negligence with deliberate indifference; however, his allegations refer to "neglect act or omission," and allege that "both created a concurrent negligence under a medical infraction." Motion for Reconsideration (Docket No. 19).

The fundamental problem with Diaz's motion is that it is replete with bald allegations of discrimination and deliberate indifference, without any underlying facts in support. In these circumstances, Diaz again fails to set forth any facts for the requisite state of mind or any other facts needed to implicate constitutional violations.[1]  Further, he fails to set forth any

---

[1] I have considered whether Diaz has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). I have accepted as true the factual allegations of the Amended Complaint, drawing all reasonable inferences in favor of Diaz that are supported by the <u>factual</u> allegations, in order to determine whether the Amended Complaint, so read, sets forth a claim for recovery that is "'plausible on its face.'" *Eldredge v. Town of Falmouth*, 662 F.3d 100, 104 (1st Cir. 2011)(quoting *Ashcroft v. Iqbal*, 556 U.S. at 678 (quotation marks omitted)). While Diaz's Amended Complaint did not need to provide an exhaustive factual account, the allegations must have been

factual basis for me to find an equitable tolling of the period of limitations, or even a possible inference of equitable tolling based on the alleged actions or inactions of the two doctors. The doctrine of continuing violation does not apply in these circumstances.  Ongoing injuries that stem from a single unlawful act (as here, where the single act by each defendant is a surgery) do not state a continuing violation.  *Asociacion de Suscripcion Conjunta del Seguro de Responsabilidad Obligatorio v. Juarbe-Jimenez*, 659 F.3d 42, 51 (1st Cir. 2011).[2]

Next, Diaz concedes that he has had access to federal law, but seeks reconsideration of the dismissal on the ground that he has not had access to Massachusetts state court materials and thus he did not know about the statute of limitations for malpractice suits in state court.[3]  Even given Diaz's statement

---

sufficient to identify the manner by which the defendants subjected Diaz to harm and the harm alleged must be one for which the law affords a remedy.  *Iqbal*, 556 U.S. at 678. Legal conclusions couched as facts and "threadbare recitals of the elements of a cause of action" will not suffice.  *Iqbal*, 556 U.S. at 678. *See also Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  Both Diaz's Amended Complaint and his Motion for Reconsideration set forth legal conclusions against the two doctors that I need not credit.

[2]In the Amended Complaint, Diaz alleges a failure to train and supervise medical staff.  I found no basis for that claim and Diaz has not asserted that in his Motion for Reconsideration.

[3]The claim of lack of Massachusetts legal materials is the subject of a separate lawsuit.

as true, this still does not provide a basis for permitting § 1983 claims to proceed against the two doctors, where no plausible claims exist.  To permit the claims to proceed at this time and require the doctors to respond to the Amended Complaint would be grossly prejudicial to them.

Finally, I have considered whether I properly may exercise supplemental jurisdiction over any state law medical malpractice claims against the two doctors, where I have permitted § 1983 claims to proceed against prison officials.  I find, however, that there is no good cause to exercise supplemental jurisdiction, where such claims also would be time-barred.

## III. CONCLUSION

Based on the foregoing, Diaz's Motion for Reconsideration (Docket No. 19) is **DENIED**.  Diaz may not file any further requests to include claims against Dr. Kotkin or Dr. Halin in this action.

SO ORDERED.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE