UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JUAN DIAZ,                          )
            Plaintiff,      )
                                    )
       v.                       )        CIVIL ACTION NO.
                                    )        12-12154-DPW
                                    )
LUIS S. SPENCER, ET AL.,            )
            Defendants.     )
_____     )
                                    )
JUAN DIAZ,                          )
            Plaintiff,      )
                                    )
       v.                       )        CIVIL ACTION NO.
                                    )        13-10994-DPW
                                    )
LUIS S. SPENCER, ET AL.,            )
            Defendants.     )

ORDER OF DISMISSAL
October 16, 2015

WOODLOCK, D.J.

Plaintiff Juan Diaz ("Diaz") filed two civil rights complaints while confined in federal custody at U.S.P. Allenwood concerning events that occurred when he was confined in Massachusetts.  In both cases, Diaz was granted leave to proceed in forma pauperis.

The Court's records indicate that on August 29, 2013, summons issued for service of defendants in both the 2012 action (4 defendants) and the 2013 action (5 defendants).  At that time, the clerk provided plaintiff with copies of Local Rule 4.1 with the summons.

It is more than two years since these summons were issued. No return of service has been filed and the Court's records

indicate that three unexecuted USM-285 forms (Process Receipt and Return) were filed for (1) Peter St. Amand - subject former employee, no forwarding address; (2) Arthur Brewer - no longer at address provided; and (3) H.W. Clarke - subject former employee, no forwarding address.

"The timing of service of process is governed by **Fed. R. Civ. P. 4(m)**..."  Martello v. United States, No. 13-13089-DPW, 2015 WL 5680327, at *8 (D. Mass. Sept. 25, 2015) (emphasis in the original).  If service is not made within the 120 day period, the court shall "dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  If plaintiff does not show good cause by "the 14th day following the 120 day period," "the clerk shall" enter a dismissal order for failure to effectuate service of process.  See Local Rule 4.1(b).

Although plaintiff's pro se status entitles his pleadings to a liberal construction, see Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) (noting that pro se pleadings are held to less demanding standards than those drafted by lawyers), this pro se status does not exempt Diaz from compliance with relevant rules of procedure.  See, e.g., Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000) (stating that pro se litigants are not exempt from procedural rules); Ahmed v. Rosenblatt, 118 F.3d 886 (1st Cir. 1997) (noting that pro se status does not insulate a party from

complying with procedural and substantive law).

Plaintiff requested no extensions of the service period and has not undertaken to show good cause for an extension.  In fact, the Court has not received any communication from Diaz in over two years.

Accordingly, it is ORDERED that these two actions are dismissed, without prejudice, for failure to effect service of process in compliance with Rule 4(m) of the Federal Rules of Civil Procedure.  The Clerk shall mail copies of this Order to plaintiff at the address listed on the docket.

SO ORDERED.

 /s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE