```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


JUAN DIAZ, JR.,                )
        Plaintiff,             )
                               )
        v.                     )       CIVIL ACTION NO.
                               )       12-12154-DPW
                               )
LUIS S. SPENCER, ET AL.,       )
        Defendants.            )
-------------------------------
JUAN DIAZ, JR.,                )
        Plaintiff,             )
                               )
        v.                     )       CIVIL ACTION NO.
                               )       13-10994-DPW
                               )
LUIS S. SPENCER, ET AL.,       )
        Defendants.            )
```

MEMORANDUM AND ORDER
September 27, 2016

WOODLOCK, D.J.

This court dismissed the two above-captioned actions on October 16, 2015 for failure of the plaintiff to serve process on the defendants, where summonses had issued on August 29, 2013. This court noted that plaintiff had made no requests for leave to extend the time period for service of process, and, in fact, the court had not received any communication from him in over two years.

Now before this court are plaintiff's letter/request (Docket No. 25) filed in Civil Action No. 12-12154-DPW and his letter/requests (Docket Nos. 15, 16, and 18) filed in Civil Action No. 13-10994-DPW in which he seeks to have these two actions re-opened, because: (1) he had been transferred to another prison and had not received any notice from the court

since 2013 about his case prior to the Order of Dismissal; (2) he had been waiting to hear from the court about the continuation of his cases because he received notice that, due to the government shut-down in 2013, the court would not pursue his cases until after the government shut-down had been resolved.  Thus, plaintiff alleges that the delay in these cases was not his fault; rather, he maintains that it was the court's fault for failing to get in touch him.

This court construes plaintiff's letters as Motions to Reopen and/or Motions for Reconsideration of the Order of Dismissal.  As such, the court finds plaintiff's motions to be without merit.  First, the court records do not reflect any reference to a stay of this case due to a government shut-down, nor is there any Order for a Stay recorded on the docket in these two cases.

Second, this court continued its operations notwithstanding a government shut-down in other federal agencies.  Since plaintiff's two cases concerned state prison officials and employees as well as medical care providers, this court is hard-pressed to credit plaintiff's statements in this regard.  While he may have been misinformed by someone in this regard, he has not shown sufficiently that the statement upon which he relies generated from the court.

Third, the onus is on the plaintiff to keep apprised of his cases. *See Ekeani v, Board of Educ. of Howard County*, 2009 WL 2578985, *2 (D. Md. 2009) *citing United States ex rel. McAllan v.*

*City of New York*, 248 F.3d 48, 53 (2d Cir. 2001), *cert. denied*, 535 U.S. 929 (2002)("parties have an obligation to monitor the docket sheet and inform themselves of the entry of orders . . . "). Moreover, the onus is on the plaintiff to apprise this court of any change of address. District Court Local Rule 83.5.5(h)(eff. January 1, 2015) provides:

> Every party appearing pro se shall inform the clerk and all parties in writing of any change of name, address, telephone number, or e-mail address within 14 days of the change. It is the responsibility of the pro se party to notify the clerk and the parties of any change. Any notice sent by the clerk or any party to a pro se party shall be deemed delivered and properly served if sent to the most recent address or e-mail address provided by the pro se party.

Id. Previously, Local Rule 83.5.2(e)(eff. September 1, 1990) set forth similar requirements, providing:

> Change of Address. Each attorney appearing and each party appearing pro se is under a continuing duty to notify the clerk of any change of address and telephone number. Notice under this rule shall be filed in every case. Any attorney or party appearing pro se who has not filed an appearance or provided the clerk with his current address in accordance with this rule shall not be entitled to notice. Notice mailed to an attorney's or party's last address of record shall constitute due notice contestable only upon proof of a failure to mail delivery.

Id.

In light of the above, the court finds that plaintiff's failure to notify the court of his change of address as required, and his failure to take any action for over two years, militates against re-opening these cases. The reopening of these cases years after the alleged misconduct would be prejudicial to the defendants.

3

Accordingly, plaintiff's letter/request (Docket No. 25) filed in Civil Action No. 12-12154-DPW and his letter/requests (Docket Nos. 15, 16, and 18) in Civil Action No. 13-10994-DPW are <u>DENIED</u>.

SO ORDERED.

<u>/s/ Douglas P. Woodlock</u>
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE